1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   JEFFREY A. DINKIN, Cal. Bar No. 111422
3  jdinkin@sheppardmullin.com
   AARON W. HEISLER, Cal. Bar No. 232344
4  aheisler@sheppardmullin.com
   MATTHEW M. SONNE, Cal. Bar No. 239110
5  msonne@sheppardmullin.com
   1111 Chapala Street, Third Floor
6  Santa Barbara, California  93101-3100
   Telephone:  805-879-1800
7  Facsimile:   805-879-1855

8
   Attorneys for Defendant
9  EXXON MOBIL CORPORATION

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13  SOHEIL MEILI, on behalf of himself       Case No. **SACV09-00485 DOC (ANx)**
    and all others similarly situated,
14                                           [State Court Case No.:
                    Plaintiffs,                30-2009-00180104-CU-OE-CXC]
15
          v.
16                                           **DEFENDANT EXXON MOBIL**
    EXXON MOBIL CORPORATION, a              **CORPORATION'S NOTICE OF**
17  New Jersey Corporation; and DOES 1      **REMOVAL OF ACTION**
    through 100, inclusive,                  **PURSUANT TO 28 U.S.C. §§ 1332,**
18                                           **1441, AND 1446**
                    Defendants.
19
                                             [Filed concurrently with the Declaration
20                                           of Justin Morehead in Support of
                                             Defendant's Notice of Removal and
21                                           Certification of Interested Entities or
                                             Persons Pursuant to Local Rule 7.1-1]
22
23                                           [Complaint Filed:  March 17, 2009]

24

25  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

26  FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND

27  HIS ATTORNEYS OF RECORD:

28

-1-

PLEASE TAKE NOTICE that Defendant Exxon Mobil Corporation ("Exxon Mobil"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court for the Central District of California, the action captioned Soheil Meili, et al. v. Exxon Mobil Corporation, et al., which is currently pending in the Superior Court of the State of California for the County of Orange, as Case No. 30-2009-0018014 (hereinafter the "State Court Action").

## I.   THE PARTIES AND THEIR CITIZENSHIP

1.      Defendant Exxon Mobil is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Irving, Texas. Declaration of Justin Morehead ("Morehead Decl.") ¶ 2.[1] Thus, Exxon Mobil is a citizen of New Jersey and/or Texas for purposes of diversity jurisdiction, and is not a citizen of California. See 28 U.S.C. § 1332(c).

2.      Plaintiff was a non-exempt California employee of Exxon Mobil. Complaint ¶ 8.[2] At all times relevant to this action he has been a resident of the State of California. Id. Residence is prima facie evidence of domicile. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California, and not a citizen of the State of New Jersey or the State of Texas, for purposes of diversity jurisdiction.

---

[1] The Declaration of Justin Morehead is filed and served herewith.
[2] Filed herewith as Exhibit A to this Notice of Removal are copies of all of the pleadings, processes and orders that have been served upon Exxon to date, and that have been filed in the State Court Action.

## II.   **TIMELINESS OF REMOVAL**

3.   The State Court Action was filed in the Superior Court for the County of Orange on or about March 17, 2009.  Complaint p. 1.

4.   Exxon Mobil's agent for service of process was served with a file-stamped copy of the Summons and Complaint on March 19, 2009.  Proof of Service of Summon.[3]

5.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), Fed. R. Civ. P. 6(a), and the Class Action Fairness Act, in that it is filed within thirty (30) days after Exxon Mobil was served with a copy of the Summons and Complaint in the State Court Action.  See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)(the deadline for filing a removal notice is not until thirty (30) days after service of the complaint).

## III.   **REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

6.   The CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met:

- the aggregate amount in controversy exceeds $5,000,000;
- any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or

---

[3]   Included in Exhibit A, attached hereto.

subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

- the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

- the number of members of the plaintiff class is 100 or more.

28 U.S.C. § 1332(d)(2), (d)(5); see also Hart v. FedEx Ground Package System, Inc., 457 F.3d 675, 679 (7th Cir. 2006).

## A.   Minimal Diversity

7.   As noted above, Exxon Mobil is a citizen of New Jersey and Texas, and Plaintiff is a citizen of California.  Therefore, a member of the plaintiff class is a citizen of a state different from the defendant, and so the minimal diversity requirement of the CAFA is satisfied.  28 U.S.C. § 1332(d)(2)(A); see Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208 (C.D. Cal. 2006)(minimal diversity exists where named plaintiff and defendants are citizens of different states).

8.   The sole Defendant, Exxon Mobil, is not a state, state official, or other government entity "against whom the district court may be foreclosed from ordering relief." See 28 U.S.C. § 1332(d)(5)(A).

## B.   Class Size

9.   With respect to the CAFA requirement of numerosity, Plaintiff alleges that he will seek to represent a class of non-exempt employees working in the state of California who "have worked as Gas Station Attendant employees and in any similar position[s]" since March 17, 2005.  Complaint ¶¶ 27, 2.  Plaintiff's

Complaint asserts that there are "as many as several hundred" of these putative class members.  Complaint ¶ 32.  Exxon Mobil categorically denies that it would be appropriate to certify this or any other alleged class or subclass.  However, Exxon Mobil records indicate that the putative class defined by Plaintiff will include approximately 1,797 **former** employees alone.  Morehead Decl. ¶ 4.  Therefore, the numerosity requirement of the CAFA is satisfied.  28 U.S.C. § 1332(d)(5)(B).

## C.    Amount In Controversy

10.    In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied, "is not confined to the face of the complaint." Valdez v. Allstate Insurance Company, 372 F.3d 1115, 1117 (9th Cir. 2004).  The appropriate measure of the jurisdictional amount in controversy is "the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint."  Jackson v. American Bankers Insurance Co. of Florida, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)(citing Burns v. Windsor Insurance Co., 31 F.3d 1092, 1096 (11th Cir. 1994)).  The amount in controversy is not determined by "the low end of an open-ended claim," but by "a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993); see also Hart v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977).

11.    Moreover, when assessing the amount in controversy for purposes of CAFA, the Senate Committee Report accompanying CAFA, S. Rep. No. 109-14,

1  makes clear that 28 U.S.C. § 1332(d) should be "interpreted expansively." S. Rep.

2  No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.[4]

3

4       12.    Plaintiff's Complaint asserts four causes of action for monetary relief

5  against Exxon Mobil, based on the alleged failures by Exxon Mobil to: (1) pay

6  putative class members for hourly and overtime wages due (Complaint ¶¶ 39-42);

7  (2) provide putative class members with meal and rest periods (Complaint ¶¶ 43-

8  49); (3) timely pay putative class members all wages due at the end of their

9  employment (Complaint ¶¶ 50-55); and (4) provide putative class members with

10  accurate wage statements (Complaint ¶¶ 56-59). Plaintiff's complaint asserts a fifth

11  cause of action for equitable relief, alleging that the aforementioned conduct

12  constituted a violation of California's Unfair Business Practices Act (Cal. Bus. &

13  Prof. Code, § 17200, *et seq.*). Complaint ¶¶ 60-66. The alleged liability period for

14  all five claims is March 17, 2005 through the present. Complaint ¶ 2.

15

16       13.    Plaintiff's Complaint does not set forth a specific amount of monetary

17  relief sought from Exxon Mobil, and Exxon Mobil denies that there is any basis in

18  law or fact for the claims alleged in Plaintiff's Complaint, denies that Plaintiff or any

19  putative class member has been damaged at all, and denies that the liability period

20  alleged by Plaintiff is applicable to his claims. Nevertheless, the allegations in

21  Plaintiff's Complaint make it clear that the aggregated amount **in controversy** for

22  the putative class exceeds $5,000,000. See 28 U.S.C. § 1332(d)(6) ("the claims of

23  the individual class members shall be aggregated to determine whether the matter in

24  controversy the sum or value of $5,000,000.").

25

26  [4] As stated in the CAFA Senate Report, "if a federal court is uncertain about
27  whether 'all matters in controversy' in a purported class action 'do not in aggregate
   exceed the sum or value of $5,000,000,' the court should err in favor of exercising
28  jurisdiction over the case." S. Rep. No. 109-14, at 42.

14.     Plaintiff's Fourth Cause of Action alone establishes that the amount in controversy exceeds $5,000,000.  Plaintiff claims that, as a result of the alleged failure to provide accurate wage statements to putative class members, Plaintiff and the other putative class members are each entitled to recover up to $4,000 under California Labor Code section 226.  Complaint, ¶ 59.  Four thousand dollars is the statutory maximum under Section 226.  Cal. Lab. Code § 226(e).  Just taking into account putative class members who are no longer employed ("Separated Putative Class Members") means that there are approximately 1,797 people who would be allegedly entitled to these penalties.  See Morehead Decl. ¶ 4.  Therefore, notwithstanding Exxon Mobil's denials, the amount **in controversy** exceeds $7 million based just on this one claim, and just taking the Separated Putative Class Members into account.  See Korn v. Polo Ralph Lauren Corporation, 536 F.Supp.2d 1199, 1205-1206 (E.D. Cal. 2008)(where plaintiff seeks "up to" the maximum statutory penalty, the maximum penalty is used to calculate the amount in controversy under CAFA).

15.     Additionally, Plaintiff's Third Cause of action claims that, as a result of the alleged failure to timely pay wages due to putative class members at termination, Plaintiff and the Separated Putative Class Members are entitled to "an additional 30 days' pay as a penalty under [California] Labor Code section 203".  Complaint ¶ 55.  Separated Putative Class Members were paid an average of approximately $8.95 per hour as of their last days of employment.  Morehead Decl. ¶ 5.  Therefore, assuming that each Separated Putative Class Member were entitled to just a single 8-hour day of penalties under Section 203, the aggregate value of this claim would be almost $130,000.  The aggregate amount **in controversy** of thirty 8-hour days of waiting time penalties for the Separated Putative Class Members would be more than $3,700,000.

16.     Even if the above-referenced items were insufficient, Plaintiff also seeks: damages for allegedly unpaid hourly and overtime wages; damages for allegedly unprovided meal and rest periods; injunctive relief; and attorneys' fees. Complaint ¶¶ 39-42, 43-49, 64, Prayer.  Each of these additional items must also be weighed in determining the amount in controversy.  See Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591, 595 (7th Cir. 2004)(amount in controversy includes "the cost of implementing the injunctive relief requested"); Guglielmino v. McKee Foods Corp., 509 F.3d 696, 700 (9th Cir. 2007)(amount in controversy includes attorneys' fees sought).

17.     Taking into account the aggregate penalties, damages, attorneys' fees, and the cost of complying with the injunctive relief Plaintiff seeks, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill,* 427 F.3d at 448-49.  Accordingly, removal is proper.  28 U.S.C. § 1332(d).

## D.     CAFA Exceptions Are Not Applicable

18.     Further, while 28 U.S.C. § 1332(d)(3)&(4) does recognize situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Exxon Mobil is not a citizen of California.  See 28 U.S.C. §§ 1331(d)(3)(discretionary declination of jurisdiction limited to situations where "the primary defendants are citizens of the state where the action was originally filed") and 1331(d)(4)(A)(local controversy mandatory declination limited to where "at least one defendant is ... a citizen of the State in which the class action was filed."  See also 1331(d)(4)(B)(home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was originally filed.").

19.   Additionally, Plaintiff shoulders the burden of establishing that any exception applies. Hart, 457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply.")

## IV.   VENUE

20.   Venue is proper in the Central District of California pursuant to 29 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the alleged claims occurred in the Central District of California.  Complaint ¶ 32. Venue in the Central District of California is also proper pursuant to 28 U.S.C. § 1441(a) because the county in which the State Court Action was pending is found within this District.

## V.   DEFENSES

21.   The removal of this action to the Central District of California does not waive Exxon Mobil's ability to assert any defense to this action.  Exxon Mobil has generally denied the allegations of Plaintiff's Complaint in accordance with its pre-removal rights under California Law, and has asserted a variety of affirmative defenses.  See General Denial and Affirmative Defenses of Exxon Mobil.[5]  Exxon Mobil expressly denies that there is any basis in law or fact for Plaintiff's allegations, denies that Plaintiff or the putative class members have been damaged, denies that it has violated any law or administrative rule with respect to Plaintiff or any putative class member, denies that Plaintiff has accurately pled the limitations periods applicable to any or all of his claims, and denies that class certification

---

[5]   Included in Exhibit A, attached hereto.

1  would be appropriate for any of Plaintiff's claims or for any of class or subclass

2  asserting such claims.

3

4  **VI.   <u>NOTICE OF REMOVAL TO STATE COURT</u>**

5

6        22.    Exxon Mobil is concurrently filing a true and correct copy of this

7  Notice of Removal with the Superior Court for the County of Orange.

8

9        WHEREFORE, Exxon Mobil has removed this action to the United

10  States District Court for the Central District of California, in accordance with the

11  statutes in such cases made and provided.

12

13  Dated:  April 17, 2009

14

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15

16                By  _Matthew M. Sonne_____

17                        JEFFREY A. DINKIN
                          AARON W. HEISLER
18                        MATTHEW M. SONNE

19
                          Attorneys for Defendant
20                        EXXON MOBIL CORPORATION

21

22

23

24

25

26

27

28

W02-WEST:4AWH1\401495300.1                                        NOTICE OF REMOVAL

# EXHIBIT A

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
EXXON MOBIL CORPORATION, a New Jersey Corporation; and
DOES 1 through 100, inclusive.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAR 17 2009**

ALAN CARLSON, Clerk of the Court

BY C. PEDRAZA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
SOHEIL MEILI, on behalf of himself and all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
751 W. Santa Ana Blvd., BLG. 36
Santa Ana, CA 92701

**CASE NUMBER:** *(Número del Caso):*
**30-2009 00180104**

**JUDGE RONALD L. BAUER**
**DEPT. CX103**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Hawkins, JAMES HAWKINS APLC
7700 Irvine Center Drive, Suite 800
Irvine, California 92618-
PH: (949)218-9090

DATE: **MAR 17 2009**   **ALAN CARLSON** Clerk, by _____ C. Pedraza _____, Deputy
*(Fecha)*   *(Secretario)* CECILIA PEDRAZA   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit A
Page 11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

James Hawkins, 192925
JAMES HAWKINS APLC
7700 Irvine Center Drive, Suite 800, Irvine, CA 92618
TELEPHONE NO.: (949)218-9090     FAX NO.: (949)218-9911
ATTORNEY FOR (Name): Soheil Meili

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Complex Civil Center (CXC)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 17 2009

ALAN CARLSON, Clerk of the Court
BY C. PEDRAZA

CASE NAME:
Meili v. Exxonmobile, et al.

CASE NUMBER: 30-2009
00180104
JUDGE RONALD L. BAUER
DEPT. CX103

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | JUDGE: |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

Items 1–5 below must be completed (see instructions on page 2)

**1. Check one box below for the case type that best describes this case:**

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

Employment
[ ] Wrongful termination (36)
[X] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
[ ] Enforcement of judgment (20)

Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

**2.** This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive

**4.** Number of causes of action (specify): Five

**5.** This case [X] is [ ] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 16, 2007

James Hawkins
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

ORIGINAL

1  James R. Hawkins, Esq. (SBN 192925)
   JAMES HAWKINS APLC
2  7700 Irvine Center Drive, Suite 800
   Irvine, CA 92618
3  TEL:  (949) 788-2911
   FAX:  (949) 788-2912
4
5  Sean Sasan Vahdat, Esq. (SBN 239080)
   LAW OFFICES OF SEAN S. VAHDAT & ASSOCIATES
6  7700 Irvine Center Drive, Suite 800
   Irvine, CA 92618
7  Telephone (949) 788-2949
   Facsimile  (949) 788-2950
8
9  Attorneys for Plaintiff, Soheil Meili, on behalf of
   himself and all others similarly situated
10

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 17 2009

ALAN CARLSON, Clerk of the Court
C. Pedraza
BY  C. PEDRAZA

11       SUPERIOR COURT OF THE STATE OF CALIFORNIA
12           FOR THE COUNTY ORANGE **30-2009**

13  SOHEIL MEILI, on behalf of              )  Case No. **00180104**
14  himself and all others similarly situated )  ASSIGNED FOR ALL PURPOSES TO:
                                            )  JUDGE:
15       Plaintiffs,                        )  DEPT: **JUDGE RONALD L. BAUER**
                                            )          **DEPT. CX103**
16                                          )  **CLASS ACTION COMPLAINT**
17       vs.                                )
                                            )
18                                          )  1)  **Failure to pay Hourly Wages and**
19  EXXON MOBIL CORPORATION, a New          )      **Overtime Wages**
    Jersey Corporation; and DOES 1 through  )  2)  **Failure to Provide Rest Periods and**
20  100, inclusive.                         )      **Meal Periods or Compensation in**
                                            )      **Lieu Thereof**
21       Defendants.                        )  3)  **Failure to Timely Pay Wages**
                                            )  4)  **Knowing and Intentional Failure to**
22                                          )      **Comply With Itemized Employee**
                                            )      **Wage Statement Provisions**
23                                          )  5)  **Violations of the Unfair Competition**
                                            )      **Law**
24                                          )
25                                          )
                                            )  **JURY TRIAL DEMANDED**
26                                          )
27                                          )
28                                          )

                          1
                **CLASS ACTION COMPLAINT**

1  Plaintiff, *SOHEIL MEILI*, on behalf of himself and all others similarly situated, complain of

2  Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

5      1.   This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf

6  of Plaintiff and all employees, including but not limited to gas station attendant employees not

7  classified as "Exempt" or primarily employed in executive, professional, or administrative

8  capacities ("Non-Exempt *EXXON MOBIL Employees*") employed by, or formerly employed

9  by, EXXON MOBIL, a New Jersey corporation, and any subsidiaries or affiliated companies

10  (hereinafter "EXXONMOBIL" or "Defendants"), within the State of California.

11      2.   For at least four years prior to the filing of this action and through to the present

12  ("liability period"), Defendants consistently maintained and enforced against EXXONMOBIL

13  Non-Exempt Employees, among others, the following unlawful practices and policies, in

14  violation of California state wage and hour laws:  a) failing to accurately pay all employees

15  earned wages, and b) failing to provide meal and rest periods.

16      3.   From at least March 17, 2005 and continuing to the present (rest and meal period

17  liability period), Defendants have had a consistent policy of failing to provide EXXONMOBIL

18  non-Exempt Employees within the State of California, including Plaintiff, rest periods of at least

19  (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such

20  employees one (1) hour of pay at the employees regular rate of compensation for each workday

21  that the rest period is not provided, as required by California state wage and hour laws.

22      4.   From at least March 17, 2005 and continuing to the present (rest and meal period

23  liability period), Defendants have had a consistent policy of requiring EXXONMOBIL Non-

24  Exempt Employees within the State of California, including Plaintiff, to work at least five (5)

25  and/or ten (10) hours without a meal period and/or second meal period and failing to pay such

26  employees one (1) hour of pay at the employees regular rate of compensation for each workday

27  that the meal period is not provided, as required by California state wage and hour laws.  Under

28  information and belief and based thereon, Defendants have also had a consistent policy of failing

Exhibit A
Page 14

1  to pay wages, including overtime wages to EXXONMOBIL Non-Exempt Employees in violation

2  of California state wage and hour laws by requiring employees to work off the clock for hours

3  earned in a workweek and workday and failing to provide accurate itemized records reflecting

4  those hours worked.

5       5.   Since at least March 17, 2005 and continuing to the present Defendants have had a

6  consistent policy of failing to provide EXXONMOBIL Non-Exempt Employees within the State

7  of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked

8  or major fraction thereof and failing to pay such employees one (1) hour of pay at the

9  employee's regular rate of compensation for each workday that the rest period is not provided, as

10  required by California state wage and hour laws.  Plaintiff on behalf of himself and all Class

11  Members brings this action pursuant to Labor Code sections 201, 202, 203, 218.6, 221, 226,

12  226.7, 512, 1194, 1194.5, and California Code of Regulations, Title 8, section 11000 et. seq.

13  seeking unpaid rest and meal period compensation, penalties, and other equitable relief, and

14  reasonable attorneys' fees and costs.

15       6.   Plaintiff, on behalf of himself and all Class Members, pursuant to Business and

16  Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure

17  to indemnify and pay wages and rest and/or meal period compensation.

18                                   II.

19                            **PARTIES**

20       7.   Venue as to each Defendant is proper in this judicial district pursuant to Code of

21  Civil Procedure section 395.  Defendants operate EXXONMOBIL, a New Jersey corporation,

22  and are doing business in the state of California, including in the city of Irvine, county of

23  Orange, and each Defendant is within the jurisdiction of this Court for service of process

24  purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly

25  situated within the State of California and within Orange County.  Defendants employ numerous

26  Class Members in Orange County and throughout California.

27

28

---

                           3

**CLASS ACTION COMPLAINT**

A. **Plaintiff**

8.  Plaintiff SOHEIL MEILI is a resident of Orange County, California. At all relevant times herein, he has been employed by Defendants as an employee of EXXONMOBIL in the city of Irvine, California and has been employed by EXXONMOBIL since approximately September 1, 2007, in a non-exempt capacity during the liability periods through January 29, 2009.

9.  As an EXXONMOBIL employee, Plaintiff, and the Class he seeks to represent were regularly required to:

(a) work "off the clock" for hours earned in a workweek and workday;

(b) work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensation at the rate of time and one-half (1 1/2) of his regular rate of pay;

(c) work without being permitted or authorized a minimum ten-minute rest period for every four hours or major fraction thereof worked and not compensated one (1) hour of pay at her regular rate of compensation for each workday that a rest period was not provided, all in violation of California labor laws, regulations, and the Industrial Welfare Commission Wage Orders ("IWC");

(d) work in excess of five hours per day without being provided a meal period and not compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided, work in excess of ten hours per day without being provided a second meal period and not compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and the Industrial Welfare Commission Wage Orders ("IWC"); and

(e) deducting from employees' wages a meal period which was never provided, waived, and/or for a lawful "on-duty" meal period.

4

**CLASS ACTION COMPLAINT**

10.   On information and belief, Defendants willfully failed to pay all earned wages in a timely manner to its employees and members of the Plaintiff Class; nor have Defendants returned to Plaintiff or members of the Class, upon or after termination of their employment with Defendants, all unlawful deductions and compensations due, including but not limited to, for wages earned and for having failed to properly provide rest and/or meal periods.

**B. Defendants**

11.   On information and belief, EXXONMOBIL, is a New Jersey corporation engaged in the ownership and operation of Gas Satiations throughout California, and Orange County.

12.   The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

13.   Plaintiff is informed and believes, and based thereon alleges, that Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**III.**

**FACTUAL BACKGROUND**

14.   Defendants operate and, at all times during the liability period, have conducted business in Orange County and elsewhere within California. Defendants operate Gas Stations in the County of Orange, and throughout California. At various locations, Defendants have, among other things, employed persons as EXXONMOBIL non-exempt gas station attendant employees.

5

**CLASS ACTION COMPLAINT**

15.   Upon information and belief, these Non-Exempt Employees work(ed) in non-exempt, non-managerial positions and similar and incidental positions related to the operation of a gas station business.

16.   EXXONMOBIL Non-Exempt Employees were not provided rest periods for work periods of four hours or major fractions thereof and/or meal periods for work days in excess of five (5) and/or ten (10) hours; and were not compensated a one hour wage in lieu thereof in violation of Labor Code §§ 201, 202, 203, 218.6, 221, 226, 226.7, 512, 1194, and the applicable Industrial Welfare Commission Wage Orders.

17.   Plaintiff is informed and believes, and based thereon alleges, Defendants currently employ and during the relevant period have employed hundreds of employees in the State of California in non-exempt positions, such as attendants and/or other similar positions.

18.   EXXONMOBIL Non-Exempt Employees are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

19.   During the liability period, named Plaintiff and members of the Plaintiff Class were employed by Defendants as EXXONMOBIL Non-Exempt Employees and were paid on an hourly basis.

20.   Plaintiff and Class Members were regularly required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal periods, as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.  Plaintiff and members of the Plaintiff Class of EXXONMOBIL Non-Exempt Employees, under information and belief and based thereon were not provided lawful meal and/or rest periods and were not provided with one hours wages in lieu thereof in one or more of the following manners:

(a) *Employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"*;

(b)*Employees were severely restricted in their ability to take a meal period; and*

(c) *Employees were forbidden to leave the workplace during a meal period.*

6

**CLASS ACTION COMPLAINT**

21.     During the rest and meal period liability period, Plaintiff and the members of the Plaintiff Class of EXXONMOBIL Non-Exempt Employees were regularly required to work in excess of four hours without being provided a rest period.  Defendants neither permitted nor authorized Plaintiff and Class Members to take lawful meal and/or rest periods. On information and belief, Plaintiff and Class Members did not waive rest periods during the liability period. Defendants did not fully compensate EXXONMOBIL Non-Exempt Employees for hourly wages during the liability period and did not compensate EXXONMOBIL Non-Exempt Employees for Defendants' failure to provide rest periods and/or meal periods during the rest and meal period liability period.

22.     On information and belief, Defendants are and were well aware, and/or received employee complaints that it is improper to deduct from employee wages, not indemnify employees for all necessary expenditures and losses, or commit the following unlawful acts:

(a)     require employees to work four hours or major fraction thereof without being provided a minimum ten-minute rest period and not compensate with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)     require employees to work in excess of five hours per day without being provided a meal period and not compensated with one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided;

(c)     require employees to work in excess of ten hours per day without being provided a second meal period and not compensated with one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided; and

(c)     require non-exempt employees to work through rest and/or meal periods without proper legal compensation.

23.     On information and belief, Defendants were notified of the improprieties alleged herein by their employees, Plaintiff and the Class he seeks to represent, and intentionally refused to rectify their policy.

7

CLASS ACTION COMPLAINT

24. Defendants' requirement that EXXONMOBIL non-Exempt Employees, in addition to the violations above; 1) work through meal and/or rest periods without paying legal compensation for failure to provide rest or meal periods, all during the liability periods, was willful and deliberate.

25. On information and belief, Defendants willfully failed to pay the legal wages earned on time, failed to provide rest and/or meal periods during which former EXXONMOBIL Non-Exempt Employees were required to work, and willfully failed to pay one hour wages in lieu of rest and/or meal periods, when each such employee quit or was discharged. Defendants have made it difficult to account with precision for the unlawfully withheld wages and deductions due non-exempt EXXONMOBIL employees, including Plaintiff, during the Liability Period because they did not implement and preserve a lawful record-keeping method to record all non-provided rest and/or meal periods owed to its employees as required for non-exempt employees by 29 U.S.C. section 211(c); California Labor Code §§226, and section 7 of the California Wage Orders. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4000 for each employee pursuant to Labor Code section 226(e).

26. Plaintiff and the Class he seeks to represent are covered by California Industrial Welfare Commission Occupational Wage Order No. 7.

## IV.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California who, within the liability period of the filing of this Complaint, have worked as Gas Station Attendant employees and in any other similar position that did not consist of over 50% administrative, executive, or professional duties and were not paid all lawful wages, including, but not limited to, all regular time and/or overtime.

28. Plaintiff also seeks to represent a Subclass composed of and defined as follows:

8

CLASS ACTION COMPLAINT

1  All persons who are employed or have been employed by Defendants in the State of California who, within the liability period of the filing of this Complaint, have worked as Gas Station Attendant employees and in any other similar position that did not consist of over 50% administrative, executive, or professional duties and have had wages deducted unlawfully.

29.  Plaintiff also seeks to represent a Subclass composed of and defined as follows:

(a) All persons who are employed or have been employed by Defendants in the State of California who have worked during the liability period as Gas Station Attendant employees and in any other position that did not consist of over 50% administrative, executive, or professional duties and have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided compensation,

(b) not provided a meal period and/or a second meal period for each day in which such non-exempt employees worked in excess of five and/or ten hours and were not provided compensation of one hours pay for each day on which such meal period and/or second meal period was not provided.

30.  Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

31.  This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**

32.  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, as many as several hundred employees, the vast majority of them within the State of California, in positions as EXXONMOBIL Non-Exempt Employees in Orange County and dispersed throughout California during the liability period and who are or have been affected by Defendants' unlawful practices as alleged herein.

9

CLASS ACTION COMPLAINT

33. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B. Commonality**

34. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i. Whether Defendants violated Labor Code sections 226.7, 512, Wage Order 7, or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to provide daily rest periods to EXXONMOBIL Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

ii. Whether Defendants violated Labor Code sections 226, 226.7, 512 and IWC Wage Order 7 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to provide a meal period and/or second meal period to EXXONMOBIL Non-Exempt Employees on days they worked work periods in excess of five and/or ten hours and failing to compensate said employees one hours wages in lieu of meal periods;

iii. Whether Defendants violated sections 226 of the Labor Code and IWC Wage Orders 7 by failing to, among other violations, maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions.

iv. Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages or reimbursements due and owing at the time that any Class member's employment with Defendants terminated;

v. Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by unlawfully deducting wages from non-exempt employees and converting same to Defendants own use; failing to reimburse employees for failing to provide rest and/or meal periods without compensating non-exempt employees one hour

10

**CLASS ACTION COMPLAINT**

1   pay for every day such periods were not provided; failing to pay wages and compensation

2   for denied rest and/or meal period compensation due and owing at the time a Class

3   Member's employment with Defendants terminated; and failing to keep accurate records;

4   vi.      Whether Defendants violated section 17200 *et. seq.* of the Business and
    Professions Code and Labor Code sections 201, 202, 203, 218.6, 221, 226, 226.7, 512,

5   1194, 1194.5 and IWC Wage Order 7 and other applicable IWC Wage Orders which

6   violation constitutes a violation of fundamental public policy;

7   vii.     Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable

8   relief pursuant to Business and Professions Code section 17200, et. seq.

9

10  **C. Typicality**

11      35.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff

12  and all members of the Class sustained injuries and damages arising out of and caused by

13  Defendants' common course of conduct in violation of California laws, regulations, and statutes

14  as alleged herein.

15  **D. Adequacy of Representation**

16      36.    Plaintiff will fairly and adequately represent and protect the interests of the

17  members of the Class. Counsel who represents Plaintiff are competent and experienced in

18  litigating large employment class actions.

19  **E. Superiority of Class Action**

20      37.    A class action is superior to other available means for the fair and efficient

21  adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

22  questions of law and fact common to the Class predominate over any questions affecting only

23  individual members of the Class. Each member of the Class has been damaged and is entitled to

24  recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class

25  Members for all wages earned and engaging in the unlawful practices herein complained of, and

26  denying Class Members rest and meal periods without legal compensation.

27      38.    Class action treatment will allow those similarly situated persons to litigate their

28  claims in the manner that is most efficient and economical for the parties and the judicial system.

CLASS ACTION COMPLAINT

1   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

2   action that would preclude its maintenance as a class action.

3                                           V.

4                              **CAUSES OF ACTION**

5                              **First Cause of Action**

6                    **Failure to Pay Hourly and Overtime Wages**

7                              (Against All Defendants)

8

9        39.    Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

10  On information and belief, during the hourly and overtime liability period, Defendants have had

11  a consistent policy of failing to pay overtime to Non-Exempt Employees in violation of

12  California state wage and hour laws by requiring employees to, among other Labor Code

13  violations, work "off the clock" in a workweek and workday and failing to provide itemized

14  records reflecting those hours worked.

15       40.    On information and belief, during the hourly and overtime liability period

16  Defendants have had a consistent policy of requiring non-exempt employees to work up to 60

17  hours in a workweek and/or in excess of eight (8) hours in a workday and/or forty (40) hours in a

18  workweek without compensating such employee at the rate of time and one-half (1 1/2) of such

19  employee's regular rate of pay.

20       41.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

21  represent have been deprived of wages and/or overtime in amounts to be determined at trial, and

22  are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

23  costs, pursuant to Labor Code sections 1194 and 1199.

24       42.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

25  represent have been deprived of wages in amounts to be determined at trial, and are entitled to

26  recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs pursuant

27  to Labor Code sections 218.5, 1194 and 1199.

28

## Second Cause of Action

## Failure to Provide Rest Periods and/or Meal Periods and/or Compensation in Lieu Thereof

### (Against All Defendants)

43.     Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

44.     By their failure to provide rest periods for every four hours or major fraction thereof worked per day by non-exempt employees, and failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7, 512 and IWC Wage Order No. 7.

45.     Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods. Defendants created a working environment in which EXXONMOBIL non-exempt employees were incapable of taking rest and/or meal periods due to labor to production ratios and/or were, under information and belief and based thereon intimidated or coerced into waiving their rest and meal periods. As such, EXXONMOBIL non-exempt employees were intimidated or coerced into waiving rest periods.

46.     On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take rest periods.

47.     By their failure to provide meal periods for days on which non-exempt employees work(ed) work periods in excess of five and/or ten hours, and failing to provide compensation for such non-provided meal periods Defendants willfully violated the provisions of Labor Code §512 and IWC Wage Order No. 7.

48.     By failing to record and maintain adequate and accurate time records according to sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest and/or meal period compensation due Plaintiff and members of the Plaintiff Class.

49.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are

13

CLASS ACTION COMPLAINT

1   entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code

2   §§203, 226, 226.7, 1194, and IWC Wage Order 7.

3

4   ### Third Cause of Action

5   ### Failure to Timely Pay Wages Due At Termination

6   (Against All Defendants)

7       50.    Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

8       51.    Sections 201 and 202 of the California Labor Code require Defendants to pay its

9   employees all wages due within 72 hours of termination of employment. Section 203 of the

10  Labor Code provides that if an employer willfully fails to timely pay such wages the employer

11  must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in

12  full or an action is commenced. The penalty cannot exceed 30 days of wages.

13      52.    Plaintiff and the Class he seeks to represent are entitled to compensation for all

14  forms of wages earned, including, but not limited to, vested vacation wages, compensation for

15  non-provided rest periods and non-provided meal periods, and without unlawful deductions or

16  reimbursements, but to date have not received such compensation therefore entitling them Labor

17  Code section 203 penalties.

18      53.    More than 30 days have passed since affected Class Members have left

19  Defendants' employ, and on information and belief, have not received payment pursuant to Labor

20  Code §203.

21      54.    As a consequence of Defendants' willful conduct in not paying all earned wages,

22  Plaintiff and certain Class Members are entitled to 30 days' wages as a penalty under Labor

23  Code section 203 for failure to pay legal wages.

24      55.    Plaintiff and certain Class Members are also entitled to an additional 30 days'

25  wages as a penalty under Labor Code section 203 for willful failure to pay one hours wages in

26  lieu thereof for denied rest and meal periods, together with interest thereon and attorneys' fees

27  and costs.

28

14

CLASS ACTION COMPLAINT

## Fourth Cause of Action
## Knowing and Intentional Failure to Comply With Itemized Employee
## Wage Statement Provisions
## (Against All Defendants)

56.     Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on wage statements that should have been provided to Plaintiff and members of the proposed class.

57.     Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.

58.     IWC Wage Order 7 requires Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Wage Order 7 and 226.

59.     Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

///
///
///
///

**15**

**CLASS ACTION COMPLAINT**

## Fifth Cause of Action

## Violation of Unfair Competition Law

### (Against All Defendants)

60.   Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

61.   On information and belief, by their policy of:

   i.   work "off the clock" for hours earned in a workweek and workday;

   ii.   work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensation at the rate of time and one-half (1 1/2) of her regular rate of pay;

   iii.   requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided; and,

   iv.   requiring employees to work in excess of five and/or ten hours per day without being provided a meal period and/or second meal period and not being compensated one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

62.   Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200 et seq.

63.   The actions of Defendants as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, et. seq.

64.   Plaintiff is entitled to equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

65.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff, and the Class he seeks to represent. Defendants should be enjoined from this activity and made to restore to Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code section 17203.

16

### CLASS ACTION COMPLAINT

1  Plaintiff is informed and believes, and thereon alleges, that Defendants are unjustly enriched

2  through their requiring employees to assume Defendants expenditures and losses and failure to

3  pay legal wages, and/or other compensation for working through meal periods, and

4  compensation for non provided rest periods to Plaintiff and members of the Plaintiff Class.

5  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff

6  Class are prejudiced by Defendants' unfair trade practices.

7       66.  As a direct and proximate result of the unfair business practices of Defendants,

8  and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is

9  entitled to equitable relief, including full restitution of all wages which have been unlawfully

10  withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and

11  practices described herein.

12

13  **VI.**

14  **PRAYER**

15  WHEREFORE, Plaintiff prays for judgment as follows:

16  1.  That the Court determine that this action may be maintained as a class action;

17  2.  For compensatory damages in an amount according to proof with interest thereon;

18  3.  For economic and/or special damages in an amount according to proof with interest

19      thereon;

20  4.  That Defendants be found to have engaged in unfair competition in violation of

21      section 17200 of the California Business and Professions Code;

22  5.  That Defendants be ordered and enjoined to make restitution to the Class due to their

23      unfair competition pursuant to California Business and Professions Code sections

24      17203 and 17204;

25  6.  For premium pay and penalties pursuant to Labor Code §§203;

26  7.  For premium wages pursuant to Labor Code §226, 226.7;

27  8.  For attorneys' fees, interests and costs of suit under Labor Code §1194; and

28  9.  For such other and further relief as the Court deems just and proper.

---

17

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

1.    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:  March 16, 2009          JAMES HAWKINS APLC

BY: *James R. Hawkins*

James R. Hawkins, Esq.
Attorneys for PLAINTIFFS

18

**CLASS ACTION COMPLAINT**

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**751 W. Santa Ana Blvd**

**Santa Ana , CA 92701**

**(714) 568-4700**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

### Case Number: 30-2009-00180104-CU-OE-CXC

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. Ronald L. Bauer | Civil Complex Center | | |
| Hearing: | Date: | Time: | |
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Hon. | | | |

**[ x ] ADR Information attached.**

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

**Other Information**

* The following local Orange County Superior Court rules are listed for your convenience:
  - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
  - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

Date:  03/17/2009

_____ Cecilia Pedraza _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

V3 INIT 100 (June 2004)

Exhibit A
Page 31

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>James R. Hawkins, SBN 192925<br>7700 Irvine Center Dr Ste 800<br>Irvine CA 92618<br>ATTORNEY FOR (Name) Plaintiff | TELEPHONE NO.<br>(949) 788-2911 | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br>**Apr 09 2009**<br>ALAN CARLSON, Clerk of the Court<br>by M. CARBAJAL |
|---|---|---|

Insert of Court Name of Judicial District and Branch Court if any
**ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER, SANTA ANA**

SHORT TITLE OF CASE
**MEILI V. EXXON MOBILE**

| 1637137 | (HEARING) Date | Time | Dept<br>CX103 | Case Number:<br>30-2009-00180104<br>REFERENCE NO.<br>EXXON MOBILE |
|---|---|---|---|---|

### PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET
   CIVIL COMPLEX CENTER
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION
   CLASS ACTION/B&P 17200 QUESTIONAIRE
   GUIDELINES ALL COMPLEX DEPARTMENTS

3. a. PARTY SERVED: Exxon Mobil Corporation, A New Jersey Corporation

   CSC Lawyers, Agent for Service

   b. PERSON SERVED: BECKY DE GEORGE, PERSON AUTHORIZED TO RECEIVE.
   CAUCASIAN FEMALE 48YRS 5'8" 170LBS. BLOND HAIR.

4. c. ADDRESS: 2730 Gateway Oaks Dr Ste 100
   Sacramento CA 95833

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON 3/19/2009 AT 12:13:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   Exxon Mobil Corporation, A New Jersey Corporation
   CSC Lawyers, Agent for Service

   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION CCP 416.10

| 7a. Person Serving: Darin Fain<br><br>b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626<br><br>c. (714) 662-5555 | d. The fee for service was $93.90<br>e. I am:<br>(1) not a registered California process server:<br>(3) X registered California process server:<br>(i) Independent Contractor<br>(i) Registration No: 2006-45<br>(i) County: SACRAMENTO |
|---|---|

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Darin Fain X _[signature]_

3/27/2009                                                                SIGNATURE

### PROOF OF SERVICE

CRC 982(A)(23)

Exhibit A
Page 32

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2     Including Professional Corporations
  JEFFREY A. DINKIN, Cal. Bar No. 111422
3   AARON W. HEISLER, Cal. Bar No. 232344
  MATTHEW M. SONNE, Cal. Bar No. 239110
4   1111 Chapala Street, Third Floor
  Santa Barbara, California 93101-3100
5   Telephone:   805-879-1800
  Facsimile:   805-879-1855
6
  Attorneys for Defendant Exxon Mobil
7   Corporation

8                   SUPERIOR COURT OF CALIFORNIA

9           COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| 10   SOHEIL MEILI, on behalf of himself and all others similarly situated, | Case No. 30-2009-00180104-CU-OE-CXC |
| 11             Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO: JUDGE Ronald L. Bauer |
| 12 | DEPARTMENT CX103 |
|       v. | |
| 13 | **GENERAL DENIAL AND AFFIRMATIVE DEFENSES OF** |
| 14   EXXON MOBIL CORPORATION, a New Jersey Corporation; and DOES 1 through | **DEFENDANT EXXON MOBIL CORPORATION TO PLAINTIFF** |
| 15   100, inclusive, | **MEILI'S COMPLAINT** |
|           Defendants. | |
| 16 | [Complaint Filed: March 17, 2009] |
| 17 | Discovery Cutoff:         Per Code |
| 18 | Motion Cutoff:           Per Code |
| | Trial Date:           Not Assigned |

19         Defendant Exxon Mobil Corporation, a New Jersey Corporation ("Defendant")

20   hereby responds to the unverified Complaint of Plaintiff Soheil Meili ("Plaintiff") as

21   follows:

22         1.       Pursuant to California Code of Civil Procedure Section 431.30, Defendant

23   generally denies each and every material allegation set forth in the Complaint.

24         2.       Defendant further alleges the following separate and distinct Affirmative

25   Defenses to the causes of action alleged in the Complaint:

26                       **FIRST AFFIRMATIVE DEFENSE**

27         Plaintiff's Complaint, and every cause of action contained therein, fails to state facts

28   sufficient to state a cause of action.

-1-

GENERAL DENIAL AND AFFIRMATIVE DEFENSES
OF DEFENDANT EXXON MOBIL CORPORATION TO
PLAINTIFF MEILI'S COMPLAINT

**Exhibit A**
**Page 33**

1

### SECOND AFFIRMATIVE DEFENSE

2     Plaintiff's claims, and each of them, are barred by the applicable statutes of

3 limitation, including but not limited to those set forth in Code of Civil Procedure sections

4 337(1), 338(a), 338(d), 339(1), 340(a), 340(b), 343, Business and Professions Code,

5 section 17208, and Labor Code section 203(b).

6

### THIRD AFFIRMATIVE DEFENSE

7     Plaintiff's claims, and each of them, are barred by the doctrine of laches.

8

### FOURTH AFFIRMATIVE DEFENSE

9     Plaintiff's claims, and each of them, are barred by the doctrine of unclean hands.

10

### FIFTH AFFIRMATIVE DEFENSE

11     Plaintiff's claims, and each of them, are barred by the fact that Plaintiff failed to

12 exhaust his administrative remedies.

13

### SIXTH AFFIRMATIVE DEFENSE

14     Plaintiff, and other members of the classes or subclasses that he purports to

15 represent, by reason of their own acts, omissions, representations and courses of conduct,

16 are estopped from asserting, and have waived any right to assert, any of the claims against

17 Defendant contained in the Complaint.

18

### SEVENTH AFFIRMATIVE DEFENSE

19     Defendant has fully performed its statutory, contractual, and other duties to

20 Plaintiff, and Plaintiff is therefore estopped from asserting any claim for relief against

21 Defendant.

22

### EIGHTH AFFIRMATIVE DEFENSE

23     Plaintiff's claims, and each of them, are barred, in whole or in part, because

24 Defendants' actions with respect to Plaintiff were at all times justified and excused, and

25 were taken in good faith, without any improper motive, purpose or means, and without any

26 hatred, ill will, malice or intent to injure.

27

28

-2-

W02-WEST:4AWH1\401494271.1

GENERAL DENIAL AND AFFIRMATIVE DEFENSES
OF DEFENDANT EXXON MOBIL CORPORATION TO
PLAINTIFF MEILI'S CLASS ACTION COMPLAINT

Exhibit A
Page 34

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred, in whole or in part, because Plaintiff lacks standing to state the claims alleged and/or to enforce the laws and regulations allegedly violated.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, should be abated in the court's discretion, and Plaintiff should be forced to pursue his administrative remedies with the California Labor Commissioner/Division of Labor Standards Enforcement which have primary jurisdiction over his claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Third Cause of Action is barred because, at all relevant times, Defendant did not willfully fail to comply with Labor Code section 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Fifth Cause of Action is barred because he cannot establish a predicate violation of law by Defendant sufficient to maintain a cause of action pursuant to Business and Professions Code section 17200, *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Fifth Cause of Action is barred to the extent that it is based upon the purported violation of a statute or regulation that is of purely regulatory import, or otherwise does not define "unlawful" conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Fifth Cause of Action is barred because Defendant did not engage in any unfair, unlawful or alleged business practice to the detriment of consumers.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to certify any of the classes described therein pursuant to Code of Civil Procedure section 382, and so this action is not properly brought as a class action.

-3-

W02-WEST:4AWH1\401494271.1

GENERAL DENIAL AND AFFIRMATIVE DEFENSES
OF DEFENDANT EXXON MOBIL CORPORATION TO
PLAINTIFF MEILI'S CLASS ACTION COMPLAINT

Exhibit A
Page 35

1  ## SIXTEENTH AFFIRMATIVE DEFENSE

2       Plaintiff is not a proper representative of the classes or subclasses that he purports to

3  represent, or any of them, and so this action is not properly brought as a class action.

4  ## SEVENTEENTH AFFIRMATIVE DEFENSE

5       There is a lack of common issues of fact or law sufficient to certify any of the

6  classes described in Plaintiff's Complaint pursuant to Code of Civil Procedure section 382,

7  and so this action is not properly brought as a class action.

8  ## EIGHTEENTH AFFIRMATIVE DEFENSE

9       Plaintiff and other members of the purported classes, have not suffered any

10 damages or injury as a result of any actions taken by Defendant or its agents, and Plaintiff

11 is therefore barred from asserting any cause of action against Defendant.

12 ## NINETEENTH AFFIRMATIVE DEFENSE

13      To the extent that Plaintiff and other members of the purported classes have

14 received other benefits and/or awards attributable to an injury for which they seek

15 compensation in this case, such benefits and/or awards should offset, in whole or in part,

16 any award they receive here for the same injury.

17 ## TWENTIETH AFFIRMATIVE DEFENSE

18      The claims of Plaintiff and other members of the purported classes, and each of

19 them, are subject to setoff, offset, and/or recoupment including, but limited to, for moneys

20 paid to Plaintiff and other members of the purported classes that exceeded any amounts to

21 which the recipient was entitled.

22 ## TWENTY-FIRST AFFIRMATIVE DEFENSE

23      The claims of Plaintiff, and other members of the classes or subclasses that he

24 purports to represent, are barred in whole or in part by the doctrine of res judicata in light

25 of the judgment entered in the lawsuit entitled "Raynaldo Agatep, individually and on

26 behalf of all others similarly situated v. Station Operators, Inc. and Doe One through Does

27 10," (C.D. Cal. Case No. CV-05-2342-GAF (SSx)) by a court of competent jurisdiction

28 over the parties and subject matters therein raised, which judgment became final before

-4-

W02-WEST:4AWH1\401494271.1                 GENERAL DENIAL AND AFFIRMATIVE DEFENSES
OF DEFENDANT EXXON MOBIL CORPORATION TO
PLAINTIFF MEILI'S CLASS ACTION COMPLAINT

Exhibit A
Page 36

1  Plaintiff commenced the above-captioned lawsuit and which resolved, in whole or in part,
2  the claims raised by Plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

4  The claims of Plaintiff, and other members of the classes or subclasses that he
5  purports to represent, are barred in whole or in part by the fact that certain members of the
6  purported classes, in exchange for good and valuable consideration, duly executed and
7  delivered agreements releasing Defendant, in whole or in part, from liability for the claims
8  raised by Plaintiff's Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

10  The penalties sought in Plaintiff's Complaint violate the Due Process Clauses of the
11  United States and California Constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

13  The penalties sought in Plaintiff's Complaint violate the Excessive Fines Clauses of
14  the United States and California Constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

16  Plaintiff's claims, and each of them, are barred by the fact that they are frivolous,
17  designed to harass and annoy Defendant, and are not brought in good faith.  Defendant is
18  thus entitled to recover from Plaintiff its attorneys' fees expended in defending this action.

19  **WHEREFORE**, Defendant prays as follow:

20  1.  For entry of judgment in favor of Defendant and against Plaintiff;

21  2.  That Plaintiff take nothing by way of his Complaint;

22  3.  That Defendant be awarded costs of suit herein;

23  4.  That Defendant be awarded its actual attorney fees incurred in defending this
24  suit pursuant to Labor Code section 218.5 and any other applicable law; and

25  5.  For such other and further relief as this Court may deem just and proper.

26  \\\
27  \\\
28

-5-

GENERAL DENIAL AND AFFIRMATIVE DEFENSES
OF DEFENDANT EXXON MOBIL CORPORATION TO
PLAINTIFF MEILI'S CLASS ACTION COMPLAINT

1   Dated:  April 16, 2009

2                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                         By 

5                                    Jeffrey A. Dinkin
                                     Aaron W. Heisler
6                                    Matthew M. Sonne
                             Attorneys for Defendant Exxon Mobil Corporation
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GENERAL DENIAL AND AFFIRMATIVE DEFENSES
OF DEFENDANT EXXON MOBIL CORPORATION TO
PLAINTIFF MEILI'S CLASS ACTION COMPLAINT

1          PROOF OF SERVICE

2     STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

3          I am employed in the County of Santa Barbara; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1111 Chapala Street, Third

4     Floor, Santa Barbara, California 93101-3100.

5          On **April 16, 2009**, I served the following document(s) described as **GENERAL DENIAL AND AFFIRMATIVE DEFENSES OF DEFENDANT EXXON MOBIL CORPORATION**

6     **TO PLAINTIFF MEILI'S COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

7

8     James R Hawkins, Esq.                    Sean Sasan Vahdat, Esq.
      James Hawkins APLC                       Law Offices of Sean S. Vahdat & Associates
      7700 Irvine Center Drive                 7700 Irvine Center Drive

9     Suite 800                                Suite 800
      Irvine, CA 92618                         Irvine, CA 92618

10

☒     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing

11    correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Santa Barbara, California in

12    the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

13    after date of deposit for mailing in affidavit.

14    ☐   **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier

15    to receive documents, in an envelope or package designated by the overnight service carrier.

16

      ☐   **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to

17    Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 805-879-1855. The name(s) and facsimile machine telephone

18    number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report

19    confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

20

☒     **STATE:** I declare under penalty of perjury under the laws of the State of California that

21    the foregoing is true and correct.

22    ☐   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under

23    the laws of the United States of America that the foregoing is true and correct.

24          Executed on **April 16, 2009**, at Santa Barbara, California.

25

26                                                _____
                                                  Sarah M. Yetlow

27

28

                                                  -7-

W02-WEST:4AWH1\401494271.1                       GENERAL DENIAL AND AFFIRMATIVE DEFENSES
                                                  OF DEFENDANT EXXON MOBIL CORPORATION TO
                                                  PLAINTIFF MEILI'S CLASS ACTION COMPLAINT

- Media Relations
  - Current News Releases
  - Archived News Releases
  - Cameras in Courtroom

OMH4 - 147275

You are here:  **Home** ▸  **Directory** ▸  **Civil** ▸  **Complex Civil** ▸  Civil Complex E-filing

# Civil Complex E-Filing

Please Note

Superior Court of Orange County offers the ability to file documents to existing Complex Civil cases. Only pre-authorized users may access this system.

---

Civil Complex E-Filing

## Civil Complex E-Filing Successfully Submitted

### Tracking Number 04162009102113-325

Your filing has been RECEIVED by the Superior Court. It is not FILED at this point, and will be processed in the order in which received.
You will receive another notification when the court ACCEPTS or REJECTS your filing. Documents are reviewed and prioritized upon receipt and will be processed accordingly.

Filings are only processed during normal work hours. All filings received after 5 p.m. will be processed and considered filed on the next business day.
Effective 9-1-07, attorneys have the option of providing, or partnering with a vendor of their choice to provide, necessary evidence presentation equipment for their hearing at the Civil Complex Center.

| Finished | More Files | Take Survey | New Form |

---

Home Directory Locations Telephone Numbers Online Services Self Help Employment
Media Relations ADA Information Privacy Policy Feedback Webmaster County of Orange Website

https://efile1.occourts.org/cfmailefile.cfm                                4/16/2009

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF ORANGE</u>

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **April 17, 2009**, I served the following document(s) described as **DEFENDANT EXXON MOBIL CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714-513-5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **April 17, 2009**, at Costa Mesa, California.

Patricia A. McGraw

-41-

NOTICE OF REMOVAL

1

**SERVICE LIST**
**Soheil Meili v. Exxon Mobil Corporation, et al.**

2

3  **Attorneys for Plaintiffs**              **Attorneys for Plaintiffs**

4  James R Hawkins, Esq.                      Sean Sasan Vahdat, Esq.
   James Hawkins APLC                         Law Offices of Sean S. Vahdat &
5  7700 Irvine Center Drive                   Associates
   Suite 800                                  7700 Irvine Center Drive
6  Irvine, CA 92618                           Suite 800
   Telephone: (949) 788-2911                  Irvine, CA 92618
7  Facsimile:  (949) 788-2912                 Telephone: (949) 788-2949
                                              Facsimile: (949) 788-2950

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-42-

NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV09-485 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SOHEIL MEILI, on behalf of himself and all others similarly situated, | EXXON MOBIL CORPORATION, a New Jersey Corporation; and DOES 1 through 100, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James R. Hawkins, Cal. Bar No. 192925 <br> JAMES HAWKINS APLC <br> 770 Irvine Center Drive, Suite 800 <br> Irvine, California 92618 <br> Tel: 949-788-2911; Fax: 949-788-2912 | Jeffrey A. Dinkin, Cal. Bar No. 111422 <br> Aaron W. Heisler, Cal. Bar No. 232344 <br> Matthew M. Sonne, Cal. Bar No. 239110 <br> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP <br> 1111 Chapala Street, Third Floor <br> Santa Barbara, California 93101-3100 <br> Tel: 805-879-1800; Fax: 805-879-1855 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332, 1441, 1446

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

| FOR OFFICE USE ONLY: | Case Number: _____ |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey and Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, alleged to be state-wide class action | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Matthew M. Sonne_   Date April 17, 2009
                        Matthew M. Sonne

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com