SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JEFFREY A. DINKIN, Cal. Bar No. 111422
AARON W. HEISLER, Cal. Bar No. 232344
RUBEN D. ESCALANTE, Cal. Bar No. 244596
1111 Chapala Street, Third Floor
Santa Barbara, California  93101-3100
Telephone:  805-879-1800
Facsimile:   805-879-1855
E-mail: jdinkin@sheppardmullin.com
         aheisler@sheppardmullin.com
         rescalante@sheppardmullin.com

Attorneys For Defendants Exxon Mobil Corporation And Station Operators Inc.

JAMES HAWKINS APLC
JAMES R. HAWKINS, Esq. (SBN 192925)
GREGORY E. MAURO, Esq. (SBN 222239)
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676
E-mail:       James@jameshawkinsaplc.com
         Greg@jameshawkinsaplc.com

Attorneys for Plaintiff, Soheil Meili, on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SOHEIL MEILI, on behalf of himself and all others similarly situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>EXXON MOBIL CORPORATION, a New Jersey Corporation; and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No. SACV09-00485 DOC (ANx)<br><br>**STIPULATION FOR DISCOVERY ORDER RE DISCLOSURE BY DEFENDANT STATION OPERATOR INC. OF PUTATIVE CLASS MEMBERS' CONTACT INFORMATION**<br><br>The Honorable David O. Carter<br><br>[Complaint Filed: March 17, 2009]<br>[Removal Date:   April 17, 2009]<br>Trial Date:          None Set |

**IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff Soheil Meili ("Plaintiff") and Defendants Exxon Mobil Corporation, a New Jersey corporation ("Exxon Mobil") and Station Operators, Inc., a Delaware corporation ("SOI" and, collectively with Plaintiff and Exxon Mobil, the "Parties"), through their counsel of record, as follows:

This Stipulation is entered into with reference to the following facts:

1. Plaintiff propounded written discovery to Exxon Mobil, demanding the disclosure by Exxon Mobil of contact information for "California non-exempt gas station attendant EMPLOYEES employed by [Exxon Mobil]" during the period from March 17, 2005 through the date of Exxon Mobil's response. Exxon Mobil interposed timely objections to this discovery request, including objections based on (1) the constitutional and statutory privacy rights enjoyed by its current and former employees, and (2) the fact that Exxon Mobil was not the employer of any such individuals.

2. Exxon Mobil maintains that it has never, during any relevant period of time, been the employer of Plaintiff or the putative class members. Exxon Mobil's position is that the correct employer is and, at all relevant times has been, SOI. Plaintiff has not served a demand for this information on SOI.

3. On February 3, 2010, the Court granted Plaintiff leave to file a First Amended Complaint adding SOI as a defendant in this lawsuit.

4. The Parties, through their counsel of record, engaged in extensive good faith meet and confer efforts to resolve this dispute informally, in a manner reasonably calculated to provide information to which Plaintiff may be entitled, while protecting the rights of SOI's current and former employees.

W02-WEST:4AWH1\402471623.4

-2-

STIPULATION FOR DISCOVERY ORDER RE DISCLOSURE BY DEFENDANT STATION OPERATORS INC. OF PUTATIVE CLASS MEMBERS' CONTACT INFORMATION

**THEREFORE, THE PARTIES STIPULATE**, through their counsel of record, to the following Order designed to accomplish those goals:

1. The Parties shall, within seven (7) calendar days after the date that this Order is signed by the Court (the "Signing Date"), retain Simpluris, Inc. (the "TPA") as a third-party administrator for the purpose of facilitating and managing contact consistent with the terms of this Order. Should Simpluris, Inc. be unwilling or unable to serve as the TPA, the Parties shall select an alternate third-party administrator to serve as the TPA.

2. SOI will, within ten (10) business days of the date that the TPA has been retained by the Parties, provide the TPA with the name and last-known mailing address for each individual who meets both of the following criteria: he or she was employed by SOI in California as a "non-exempt gas station attendant"[1] during the period from March 17, 2005 through December 31, 2009; and his or her last name begins with one of the following three letters: "D," "H," and "M" (collectively, the "PCMs"). The PCMs shall not include any person who:

   a. was employed by SOI in California as a "non-exempt gas station attendant employee" on or before December 5, 2006;

   b. was not employed by SOI in California as a "non-exempt gas station attendant" on or after April 7, 2007; and

---

[1] As Exxon Mobil noted in its responses to Plaintiff's discovery, the term "non-exempt gas station attendant employee" is ambiguous. The Parties have since agreed that this term, wherever used in the context of this litigation, is meant to refer to employees of SOI who held the same position that Plaintiff held during his employment with SOI, i.e. only non-exempt employees who held one or more of the following job titles: Sales Team Member or Sales Associate.

W02-WEST:4AWH1\402471623.4

-3-

STIPULATION FOR DISCOVERY ORDER RE DISCLOSURE BY DEFENDANT STATION OPERATORS INC. OF PUTATIVE CLASS MEMBERS' CONTACT INFORMATION

        c.    did not timely exclude himself or herself from the judgment entered in the lawsuit entitled "Raynaldo Agatep, individually and on behalf of all others similarly situated v. Station Operators, Inc. and Doe One through Does 10," (C.D. Cal. Case No. CV-05-2342-GAF (SSx)).

        3.    The TPA will send a letter substantially in the form of Exhibit A to each PCM (the "Notice"), along with a self-addressed, postage-prepaid postcard (the "Objection Card") substantially in the form of Exhibit B.  The Notices (with enclosed Objection Cards) shall be mailed by the TPA, via First Class Mail, to each PCM on the same date (the "Mailing Date") to maximize the probability that the 30-day time period in which to return the Objection Card will be uniform.

        4.    The TPA shall maintain a list of individuals whose Notices are returned to the TPA, where a forwarding address is not provided (the "Unreachable Employees").

        5.    Where a PCM's Notice is returned to the TPA, and where a forwarding address is provided, the TPA will re-send the Notice to the forwarding address provided, and shall measure that PCM's 30-day response period from the date of that subsequent mailing (the "Forwarding Date").  Should the Notice again be returned, and a forwarding address provided, the TPA shall repeat the process described in this Section.  If at any time the Notice is returned, and a forwarding address is not provided, the TPA shall list that PCM as an Unreachable Employee.

        6.    Thirty-five (35) calendar days after the Mailing Date or Forwarding Date, the TPA shall provide the following to both parties:

   a. An alphabetized list containing the following:

    i. The name of each PCM to whom a Notice was sent, where (a) the Notice was not returned and (b) the TPA did not receive an Objection Card within the 30-day response period. The TPA shall provide, for each of these PCMs, the address used by the TPA to mail the Notice.

    ii. The name of each PCM to whom a Notice was sent, where (a) the Notice was returned, (2) a forwarding address was provided, and (3) the TPA did not receive an Objection Card within the 30-day response period, measured as discussed in Section 5. The TPA shall provide, for each of these PCMs, the last forwarding address to which the Notice was mailed.

   b. A statement regarding the number of persons to whom Notices were sent on the Mailing Date. (This will only be provided thirty-five (35) calendar days after the Mailing Date.)

  7. In the event that the TPA receives an Objection Card from any PCM after that PCM's 30-day response period has elapsed, the TPA shall notify both parties of that fact and indicate from which PCM the late Objection Card was received. These PCMs will be treated as if objecting to the disclosure of their personal and employment information, and Plaintiff and his counsel shall no longer initiate communications with them.

  8. Upon receiving a list of names from the TPA pursuant to Section 6 above, Defendants will use their best efforts to locate telephone numbers for each PCM whose name is on that list, short of obtaining and reviewing the individual PCMs' personnel files. Any phone numbers found will be provided to Plaintiff's counsel within ten (10) calendar days of the date on which Defendants' counsel receives the list of names pursuant to Section 6, above.

9. Plaintiff shall pay all costs associated with the process described above.

10. Neither the fact that Exxon Mobil has stipulated to this process, nor Exxon Mobil's conduct in complying with the resulting order, shall be admissible for any purpose in this matter, including but not limited to Plaintiff's contention that Exxon Mobil is a proper defendant in this lawsuit.

11. The order to which the Parties hereby stipulate shall not be construed to limit in any way Defendants' right to obtain or rely upon information or testimony from or about any member of any putative class at issue in this lawsuit to whom a Notice or Objection Card is not sent.

**IT IS SO STIPULATED.**

Dated: May 21, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
Jeffrey A. Dinkin
Aaron W. Heisler
Ruben D. Escalante
Attorneys for Defendants
Exxon Mobil Corporation and
Station Operators Inc.

Dated: May 21, 2010

JAMES HAWKINS APLC

By _____
James R. Hawkins, Esq.
Gregory E. Mauro, Esq.
Attorneys for Plaintiff Soheil Meili

# **EXHIBIT A**

\<DATE\>

\<NAME\>
\<ADDRESS\>
\<CITY. STATE  ZIP\>

Re:     RELEASE OF PERSONAL AND EMPLOYMENT INFORMATION

**This letter concerns the possible release of your name, address, and telephone number to a third party for use in a legal proceeding.**
**Please review this letter carefully, as it may affect your legal rights.**

Soheil Meili, a former gas station attendant employee, has filed a lawsuit against Exxon Mobil Corporation and Station Operators Inc. dba ExxonMobil - CORS.  Meili's lawsuit claims that ExxonMobil did not pay him for all of the hours that he worked and did not properly provide him with meal and rest periods as required by California law. Meili is seeking to have the Court certify his lawsuit as a class action on behalf of other people employed by ExxonMobil in California as gas station attendants since March 17, 2005.  A class action is a lawsuit brought by one or more persons on behalf of a large group when it is alleged that all the members of the group have been affected in some similar way.

Exxon Mobil and Station Operators Inc. contend that all of the employees at issue were treated in a manner consistent with California law in connection with wages and breaks.  They also contend that Meili's lawsuit should not proceed as a class action.  The Court has not yet made any decision on these issues.

Meili's attorneys have asked for your name, address, and telephone number.  In order to protect your privacy, Exxon Mobil and Station Operators have refused to provide that information until you have been given a chance to decide whether you want your information to remain confidential.

**If you do not want your contact information provided to Meili's attorneys for use in this lawsuit, you must return the enclosed self-addressed and postage-prepaid postcard (entitled "Notice of Objection") to Simpluris, Inc. within 30 days of the date of this letter.  There will be no retaliation against any employee because he or she chooses to return, or not to return, the Notice of Objection.**

**If you do not return the enclosed postcard within 30 days of the date of this letter, Meili's counsel will be given your name, address, and telephone number for use in connection with this lawsuit.  If your contact information is disclosed, you may be contacted by an attorney.**

**EXHIBIT B**

Simpluris, Inc.
< TPA ADDRESS>
< TPA CITY, STATE  ZIP>

**NOTICE OF OBJECTION**

I object to the release of my name, address, or telephone number to Meili's attorneys.

_____      _____      _____
Last Name                                    Initial          First Name


_____
Signature